IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PERRY DEWAYNE FALCONER, #2214264 | § | |
| v. | § | CIVIL ACTION NO. 6:21v502 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON REQUEST FOR CLASS CERTIFICATION

Plaintiff Perry Dewayne Falconer, proceeding *pro se* and *in forma pauperis*, is a prisoner confined in the Texas prison system. In his Original Complaint, Plaintiff requested that the Court certify his lawsuit as a class action (Dkt. #1, pp. 18-20). This Report and Recommendation concerns Plaintiff's request for class certification. This lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff seeks to create a class of inmates who currently are or will be incarcerated at the Powledge Unit in the future and are subject to TDCJ's policies and practices of failing to regulate high apparent indoor temperatures in the housing areas. He seeks to create two subclasses—a Heat-Sensitive Subclass and a Disability Subclass. Plaintiff does set out definitions for both subclasses. He generally addresses the requirements of numerosity, commonality, typicality, and requests that

class counsel be appointed to represent the class. Plaintiff implies that he should be a party representative for the class but does not fully address this issue. The Court notes that Plaintiff has been recently transferred to the Jester III Unit, a medical unit, located in Richmond, Texas, which is in the Southern District of Texas, Houston Division. (Dkt. #11).

<u>Standards for Class Actions</u>

Class actions are governed by Rule 23, Fed. R. Civ. P. This Rule states, in pertinent part, as follows:

> **(a) Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation

of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Discussion

The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). The district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class action. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), *cert. denied*, 463 U.S. 1207 (1983).

Plaintiff's request for class certification fails to fully satisfy any section of Rule 23. He also fails to address how he is representative of the members of the class. As such, his motion is insufficient to support certification of a class. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (plaintiff's motion for class certification which alleged that there were numerous other inmates having an interest in his action, but not addressing any of the other requirements of Rule 23, was insufficient); *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. July 24, 2008) (conclusory allegations were insufficient to support class certification).

In addition, Plaintiff has not shown that he will fairly and adequately represent the interests of the class. The courts generally hold that *pro se* plaintiffs cannot fairly and adequately represent the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (competence of non-attorney "clearly too limited to allow him to risk the rights of others"); *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967); *accord*, *Ziegler v. State of Michigan*, 90 F. App'x 808, 2004 WL 162545 (6th Cir. Jan. 23, 2004) (non-attorney proceeding *pro se* cannot adequately represent class); *Fowler v. Lee*, 18 F. App'x 164, 2001 WL 1033312 (4th Cir. Sep. 10, 2001) (class will not

3

be certified when *pro se* litigant will act as representative of class); *Welch v. Terhune*, 11 F. App'x 747, 2001 WL 306855 (9th Cir. Mar. 28, 2001) (district court properly determined *pro se* litigant could not prosecute action as class action); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's decision that *pro se* litigant cannot adequately represent putative class).

The Fifth Circuit has held that a person seeking class certification has the burden of proof to show compliance with all four prongs of Rule 23(a) and at least one prong of Rule 23(b). *See Fleming v. Travenol Lab., Inc.*, 707 F.2d 829, 832 (5th Cir. 1983). Because Plaintiff has not met the necessary elements of Rule 23, the request for class certification cannot be granted. This recommendation does not affect Plaintiff's individual claims for relief under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165, the Americans with Disabilities Act Amendment Act of 2008 ("ADAAA"), and Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794(a).

## RECOMMENDATION

It is accordingly recommended that Plaintiff's motion for class certification under FED. R. CIV. R. 23 (Dkt. #1) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d at 1430 (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of May, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE