IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PERRY DEWAYNE FALCONER, #2214264 | § | |
| v. | § | CIVIL ACTION NO. 6:21cv502 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

  Plaintiff Perry Dewayne Falconer, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis,* brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

**Procedural history**

  Plaintiff began the lawsuit by filing an original complaint (Dkt. #1) on December 27, 2021. He asserts a violation of his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165, the Americans with Disabilities Act Amendment Act of 2008 ("ADAAA"), and Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794(a). Plaintiff is suing Executive Director Bryan Collier and Powledge Unit Warden Jimmy Bowman in their official and individual capacities under the Eighth and Fourteenth Amendments. He is suing Executive Director Bryan Collier in his official capacity only, the Texas Board of Criminal Justice, the Texas Department of Criminal Justice ("TDCJ") , and the TDCJ State Classification Committee under the ADA, ADAAA, and the Rehab Act. Plaintiff is seeking

1

unspecified monetary damages. He is requesting declaratory and injunctive relief to maintain a heat index of 88 degrees or lower inside each of the Powledge Unit's housing areas.

On April 8, 2022, the Court ordered Plaintiff to file a More Definite Statement regarding certain claims. (Dkt. #9). Plaintiff filed his response to the Order for a More Definite Statement on May 6, 2022. (Dkt. #14). The Court considers Plaintiff's response to the More Definite Statement as a supplement to his amended response. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that a court is limited to a consideration of the well-pleaded allegations of Plaintiff's complaint, including any attachments thereto or documents incorporated by reference therein); *Wright v. Dollar Tree Stores, Inc.*, 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014).

## **Plaintiff's Claims**

In his complaint, supplemented by his Response to the Order for More Definite Statement, Plaintiff asserts that he is a wheel-chair-bound, disabled, and heat-sensitive inmate that takes medication that exacerbates his heat sensitivity. He states that he should be housed in an air-conditioned unit that is temperature controlled to at least 88 degrees. He contends that he has suffered multiple harmful effects and episodes from the uncontrolled heat and humidity at the Powledge Unit. (Dkt. #14, pp. 13-14). He further claims the unit's heat mitigation measures are ineffective for a medically challenged and disabled individual such as himself.

He asserts that Executive Director Bryan Collier and Warden Jimmy Bowman have policies in place that prevent medically challenged and disabled inmates, such as himself, from obtaining housing in temperature-controlled units. He states that the Defendants are aware that extreme heat in their facilities poses substantial risk of serious injury to inmates, including Plaintiff, and they have failed to take action to mitigate the danger to Plaintiff. He states that he

has sent communication and grievances placing the Defendants on notice of his particular concerns. He states that the spate of recent, successful heat litigation involving TDCJ has placed the Defendants on notice that their policies are not in compliance with constitutional standards.

As to his ADA and Rehab Act claims, Plaintiff asserts that he is an individual with "(1) a qualifying disability; (2) that he is being [excluded from participation in, or] denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011). He asserts that the Defendants have failed to make reasonable accommodations or modifications for his extreme heat-sensitivity. *See Tennessee v. Lane,* 541 U.S. 509, 531 (2004); *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 213 (1998) (holding that Title II imposes an obligation on public entities to make reasonable accommodations or modifications for disabled persons, including prisoners).

Plaintiff seeks compensatory damages for his past and future physical injury, pain and suffering (Dkt. 1, p. 22). Plaintiff is seeking prospective injunctive relief and declaratory relief in the form of: (1) providing safe housing conditions at the Powledge Unit, and (2) that a heat index of 88 degrees or lower be maintained inside each of the Powledge Unit's housing areas (calculate using the NWS heat index table).

## Discussion and Analysis

### 1. Official capacity claims under the Eighth and Fourteenth Amendments

Plaintiff is suing the Defendants Collier and Bowman in their official and individual capacities for violations of his Eighth and Fourteenth Amendment rights. Plaintiff is suing

Defendants for both monetary and injunctive relief. Plaintiff does not specify the amount of damages that he seeks to be awarded for the alleged violation of his constitutional rights.

To the extent Plaintiff is seeking to recover monetary damages from these two Defendants in their official capacities under the Eighth and Fourteenth Amendments, Plaintiff's monetary damages claim is barred by the Eleventh Amendment. Unless a State consents to suit or Congress exercises its power to override a state's immunity, the Eleventh Amendment bars section 1983 suits in either state or federal courts. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Suits brought against state officials in their official capacity are, in effect, asserted against the state itself and are similarly barred. *Id.* at 71.

It follows that the Eleventh Amendment bars recovery of damages under 42 U.S.C. § 1983 from state employees in their official capacities for constitutional violations. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). While a state official's future conduct may be subject to an injunction, a federal court may not award damages against a state official in his official capacity. *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995). To the extent that Plaintiff seeks money damages from Defendants in their official capacities for allegedly violating his constitutional rights, the Eleventh Amendment bars his claims. The Court recommends that Plaintiff's claims for money damages against the Defendants in their official capacities for the alleged violation of his constitutional rights be dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1] This recommendation does not affect Plaintiff's claim against these Defendants in their official capacities for alleged violation of his statutory rights under the ADA or Rehab Act.

### 2. Suing the TDCJ State Classification Committee

Plaintiff is suing the TDCJ State Classification Committee for violating his rights under the ADA and Section 504 of the Rehab Act. The TDCJ State Classification Committee (SCC), however, is not a jural entity.

In order for a plaintiff to sue a government agency or department, the agency or department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 878 (5th Cir. 2009) (citing *Darby*, 939 F.2d at 313 (holding that under Texas law, a city is "allowed to designate whether one of its own subdivisions can be sued as an independent entity.")); *see also Propes v. Plano Police Dep't*, No.: 4:03cv87, 2005 WL 1177880 (E.D. Tex. May 18, 2005). A plaintiff cannot sue a political subdivision unless the true political entity has taken explicit steps to grant the servient agency jural authority. *Darby*, 939 F.2d at 313. The Court understands the "TDCJ State Classification Committee" to operate as a function of the Texas Department of Criminal Justice, which is a Department of the State of Texas.

Plaintiff does not identify, nor can the Court locate, any authority that shows the State of Texas or the Texas Department of Criminal Justice have granted authority to the "TDCJ State Classification Committee" to engage in litigation. Accordingly, the "TDCJ State Classification Committee" has no jural existence and therefore lacks capacity to be sued. *Id.* Plaintiff's claims against the TDCJ State Classification Department should be dismissed for failure to state a claim upon which relief can be granted.

Recommendation

It is therefore recommended that Plaintiff's claims against Defendants Collier and Bowman in their official capacities for money damages for alleged violations of his constitutional rights be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1). It is further recommended that Plaintiff's claims against the TDCJ State Classification Committee be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The remainder of Plaintiff's claims should continue on the Court's docket.

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 17th day of May, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE