IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PERRY DEWAYNE FALCONER, #2214264, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN COLLIER, et al., <br><br> Defendants. | § § § § § § § § § § § § § | Case No. 6:21-cv-502-JDK-KNM |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Perry Dewayne Falconer, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On May 17, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss Plaintiff's Eighth and Fourteenth Amendment claims for money damages against Defendants Bryan Collier and Jimmy Bowman in their official capacities for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Docket No. 17. The Report also noted that its recommendation does not affect Plaintiff's claims against the Defendants in their official capacities for monetary damages for any violation of Plaintiff's statutory rights under the American with Disabilities Act or the Rehabilitation Act. *Id.* at 4. The Report further recommended that Plaintiff's claims against Defendant TDCJ

1

State Classification Committee be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff has objected. Docket No. 23.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserts for the first time that TDCJ State Classification Committee Director T. Fitzpatrick should not be dismissed from this action. But a review of Plaintiff's original complaint (Docket No. 1) and Response to Order for More Definite Statement (Docket No. 14) shows that Director T. Fitzpatrick is not named as a defendant in this action in either his official or individual capacity. The Report, furthermore, does not recommend that Director T. Fitzpatrick be dismissed from this action. Rather, the Report clearly recommends the dismissal of the TDCJ State Classification Committee as a non-jural entity. Plaintiff's objection to the "dismissal" of Director T. Fitzpatrick and the move to add him as a party in his objections is not proper. Parties may not raise "new evidence, argument[s], and issues that were not presented to the magistrate judge, absent compelling reasons." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998). No such compelling

reasons exist here. "New claims and issues may not . . . be raised for the first time in objections to a Report and Recommendation." *Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, at *1 (5th Cir. 2003) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

Having reviewed the record in this case, the Magistrate Judge's Report, and Plaintiff's objections de novo, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the District Court. It is therefore **ORDERED** that Plaintiff's Eighth and Fourteenth Amendment claims for monetary damages against Defendants Bryan Collier and Jimmy Bowman in their official capacities are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). It is further **ORDERED** that Plaintiff's claims against the TDCJ State Classification Committee are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The remainder of Plaintiff's claims will continue on the Court's docket.

So **ORDERED** and **SIGNED** this **14th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE