IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PERRY DEWAYNE FALCONER, #2214264 § | | |
| VS. § | | CIVIL ACTION NO. 6:21cv502 |
| BRYAN COLLIER, ET AL. § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Perry Dewayne Falconer, a prisoner in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**Procedural History and Factual Background**

Plaintiff filed this action alleging a violation of his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165, the Americans with Disabilities Act Amendment Act of 2008 ("ADAAA"), and Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794(a), on December 27, 2021. (Dkt. #1). He sued Texas Department of Criminal Justice ("TDCJ") Executive Director Bryan Collier, Powledge Unit Senior Warden Jimmy Bowman (deceased), the Texas Board of Criminal Justice ("TBCJ"), the TDCJ State Classification Committee ("SCC"), TDCJ, Warden-Powledge Unit FNU LNU, the TDCJ-Correctional Institutions Division ("TDCJ-CID") Director Bobby Lumpkin, and Medical Director John Doe. He sought unspecified monetary damages and requested declaratory and

1

injunctive relief to maintain a heat index of 88 degrees or lower inside each of the Powledge Unit's housing areas.

On April 8, 2022, the Court ordered Plaintiff to file a More Definite Statement regarding his ADA, ADAAA, and Rehab Act claims. (Dkt. #9). Plaintiff filed his response to the Order for a More Definite Statement on May 6, 2022. (Dkt. #14).

On June 14, 2022, the Court dismissed Plaintiff's Eighth and Fourteenth Amendment claims for monetary damages against Defendants Collier and Bowman in their official capacities. (Dkt. ##17, 25). The Court also dismissed the TDCJ State Classification Committee as a non-jural entity. (*Id.*) In a separate order, the Court denied Plaintiff's motion to certify a class action. (Dkt. ##16, 25).

On June 15, 2022, Plaintiff filed a motion requesting permission to add additional defendants to his suit. (Dkt. #27). The Court granted Plaintiff's motion to amend his complaint. (Dkt. #29). Plaintiff filed his Amended Complaint on August 30, 2022. (Dkt. #36). The Amended Complaint (Dkt. #36) is the live pleading in the action before the Court. An amended complaint supersedes and takes the place of a previous complaint filed in a case. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). Plaintiff has been allowed to be fully heard on his claims.

### Plaintiff's Claims

Plaintiff suffers from a number of medical issues, including but not limited to: hypertension, morbid obesity, asthma, diabetes, cancer, nervous system disorder (CMT), and cardiovascular disease. (Dkt. #36). He asserts that he takes various medications for his medical conditions that make him sensitive to heat and humidity. He contends that his medical conditions qualify as disabilities under the ADA and Rehab Act. Plaintiff asserts that the Powledge Unit is

not a temperature-controlled unit, and as such, the high temperatures at the Powledge Unit place him at risk for heat exhaustion and/or heat stroke.

In his Amended Complaint, he sues TDCJ, TBCJ, Executive Director Bryan Collier, SCC Chair Timothy Fitzpatrick, TDCJ-CID Director Bobby Lumpkin, John Doe—a medical director located in Huntsville, Texas, former Senior Warden Jimmy Bowman, and Powledge Unit Warden FNU LNU. (Dkt. #36 at 4). He seeks declaratory and injunctive relief to lower the temperatures and humidity in the Powledge Unit housing areas and any such relief as monetary damages as is appropriate. On or about April 21, 2022, Plaintiff notified the Court that he has been transferred to the Jester III Unit, located in Richmond, Texas. (Dkt. #11).

## **Preliminary Screening**

Plaintiff is an inmate in the Texas prison system who was permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which

3

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however, in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff has been allowed to plead his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Once a plaintiff has had a fair opportunity to make his case, and if a cause of action has not been established, the court may dismiss the suit. *Id*. at 792.

### Discussion and Analysis

I.   **ADA, ADAAA, and Rehab Act claims**

Plaintiff states that he is suing Defendants TDCJ, TBCJ, Collier, Lumpkin, Fitzpatrick, John Doe, Bowman, and Warden FNU LNU for violations of Title II of the ADA. Title II applies to discrimination in public services. He is also purportedly suing under the ADAAA and the Rehab Act. In the Fifth Circuit, claims brought under the Rehab Act are considered identical and duplicative of claims brought pursuant to the ADA where a plaintiff claims that the defendant failed to make reasonable accommodations for the disabled plaintiff. *McCoy v. Tex. Dep't of Criminal Justice*, 2006 WL 2331055, at *4 (S.D. Tex. 2006), *citing Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448. 455 (5th Cir. 2005). Where a claim is based on the failure to provide reasonable accommodations, the ADA and RA are identical in scope and in analysis. *Id*. Plaintiff's ADA, ADAAA, and Rehab Act claims will be analyzed as one federal, statutory claim and referred to as the ADA.

   A.   *Plaintiff may not sue Defendants in their individual capacities under the ADA*.

Plaintiff may not bring a 42 U.S.C. § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by Title II of the ADA. *See Rivera v. Dawson,* 2007 WL 1223914 (5th Cir. 2007) (citing *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412-14 (5th Cir. 2004)). A plaintiff may not sue the individual defendants for violating the ADA; only the public "entity" is amenable to suit. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 356-57 (E.D. Tex. 2008) (observing that there is no individual liability in lawsuits under the ADA, and that a plaintiff may not attempt to assert

such claims by "casting [his] lawsuit under Section 1983") (citations omitted). Plaintiff's claim for relief against Defendants Collier, Lumpkin, Fitzpatrick, John Doe, Bowman, Warden FNU LNU in their individual capacities under the ADA should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

    B. *Plaintiff's claims for declaratory and injunctive relief are moot.*

Plaintiff sues Defendants TDCJ, TBCJ, and the individual Defendants in their official capacities to redress his claims for declaratory and injunctive relief under the ADA. Plaintiff was transferred from the Powledge Unit to the Jester III on or before April 21, 2022. (*See* Dkt. #11). His claims for declaratory and injunctive relief at the Powledge Unit became moot at that time. *Herman v. Holiday*, 238 F. 3d 660, 665 (5th Cir. 2001) (prisoner plaintiff's transfer from unit rendered claims for declaratory and injunctive relief moot).

The judicial power of federal courts is limited to only those "Cases" and "Controversies" referred to in Article III of the United States Constitution, and "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see Armstrong v. Turner Industries, Inc.*, 141 F.3d 554, 562 (5th Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing three constitutionally mandated elements: (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[;]'" (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly ... trace(able) to the challenged action of the defendant, and not ... th(e) result (of) the independent action of some third party not before the court[;]" and (3) it must be "likely," as opposed to merely

"speculative," that the injury will be "redressed by a favorable decision." *Id.*, 504 U.S. at 560-561. It is also clear that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Id.* at 564 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) and *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974)).

Even if Plaintiff had suffered some type of conduct or condition that violated his ADA rights while at the Powledge Unit, unless he can point to a concrete and continuing injury arising from the conditions at the Powledge Unit, his claim still fails. Plaintiff has not done so here. Any suggestion that declaratory or injunctive relief should be considered based on the possibility that Plaintiff might someday be returned to the Powledge Unit "is too speculative to warrant relief." *Herman*, 238 F.3d at 665. Consequently, Plaintiff's claims for declaratory and injunctive relief are moot and should be denied.

### C. *Plaintiff's claims for money damages under the ADA*

Plaintiff is suing Defendants TDCJ, TBCJ, and the individual Defendants in their official capacities under the ADA for money damages. Claims for monetary damages brought under Title II of the ADA are not barred by the Eleventh Amendment when the conduct alleged violates the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). The Fifth Circuit, however, requires that a "plaintiff asserting a private cause of action for violation under the ADA or RA may only recover compensatory damages upon a showing of intentional discrimination." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002). Thus, Plaintiff may only recover compensatory damages upon a showing of intentional discrimination arising from his disabilities. *Delano-Pyle*, 302 F.3d at 574.

Here, Plaintiff does not allege that his requested accommodation—controlled temperature and reduced humidity at the Powledge Unit—was denied because of intentional discrimination arising from his disabilities. He does not allege any facts that would indicate any malice, ill-will, or efforts to impede his health because of intentional discrimination by Defendants. Plaintiff has failed to state a claim upon which relief may granted pursuant to § 1915(e)(2)(B) and § 1915A(b). His request for monetary damages against TDCJ, TBCJ, and the individual Defendants in their official capacities under the ADA should be denied.

**II.       Eighth and Fourteenth Amendment Claims**

   A. Fourteenth Amendment Claim

Plaintiff brings claims under the Fourteenth Amendment against Defendants Collier, Lumpkin, Fitzpatrick, Bowman, John Doe, and Warden FNU LNU in their individual capacities. He, however, has not alleged any facts that indicate a denial of equal protection of the law or due process under the Fourteenth Amendment. He has not alleged a Fourteenth Amendment claim separate from his Eighth Amendment right to be free from cruel and unusual punishment—which is asserted against state actors through the Fourteenth Amendment.[1] Thus, the Eighth Amendment is the proper vehicle for his claims. *See Whitley v. Albers,* 475 U.S. 312, 327 (1986) ("We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners...."). Allowing a factually identical Fourteenth Amendment would be

---

[1] The Eighth Amendment by its own terms applies only to the federal government and is applicable to states only through the due process clause of the Fourteenth Amendment. *See Tuilaepa v. California,* 512 U.S. 967, 970, (1994).

superfluous. Plaintiff's Section 1983 Fourteenth Amendment claim for damages should be dismissed as subsumed by the Eighth Amendment. The Fourteenth Amendment claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

B. <u>Eighth Amendment Claims</u>

1. *Section 1983 claims against Defendants TDCJ and TBCJ*

Plaintiff asserts a § 1983 claim against Defendants TDCJ and TBCJ. The claims against TDCJ and TBCJ should be dismissed for lack of subject matter jurisdiction for two reasons. First, state and federal claims against an agency of the state are cloaked in Eleventh Amendment and sovereign immunity. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *see, e.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (accepting the idea that individuals are permitted to sue a state once the state consents, or Congress abrogates the state's sovereign immunity pursuant to the Fourteenth Amendment). The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)). Plaintiff may not sue state entities such as TDCJ or TBCJ pursuant to Section 1983; instead, he must sue people such as state officials. *Aguilar v. Texas Dep't. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Secondly, neither TDCJ nor TBCJ is "a person" for the purposes of 42 U.S.C. § 1983; and thus, are not amenable to suit pursuant to § 1983. *Will v. Michigan Dep't of State Police*, 492 U.S. 58, 65-71 (1989). For these reasons, it is recommended that Defendants TDCJ and TBCJ be dismissed from this suit, without prejudice, for lack of subject matter jurisdiction.

2. *Money damages against individual Defendants in their official capacities*

In his Amended Complaint, Plaintiff added Defendants Lumpkin, Fitzpatrick, and John Doe in their official capacities. To the extent Plaintiff is seeking money damages from Defendants Lumpkin, Fitzpatrick, John Doe, and Warden FNU LNU, in their official capacities, that claim should be dismissed.[2]

When a plaintiff files suit against state officials in their official capacities, in effect, he is bringing suit directly against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), *cert. denied*, 565 U.S. 1079 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself")). Since the State has not consented to suit, in as far as Plaintiff filed suit against Defendants for monetary relief in their official capacities, Defendants are shielded from this claim via the Eleventh Amendment. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). The Court recommends any claim seeking money damages from Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

3. *Deliberate indifference under the Eighth Amendment*

Plaintiff's deliberate indifference claims against the individual Defendants in their official and individual capacities are proper under the Eighth Amendment. "'The Supreme Court has held that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Torres v. Livingston*, 972 F.3d 660, 662 (5th

---

[2] Claims for money damages against Defendants Collier and Bowman in their official capacities were dismissed in the Court's June 14, 2022 Order (Dkt. ##17, 25).

Cir. 2020) (quoting *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002)). An Eighth Amendment claim regarding conditions of confinement must meet two requirements: first, the conditions must have caused an "objectively, sufficiently serious" deprivation, defined as the denial of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, prison officials must have acted with "deliberate indifference" to the plaintiff's health or safety, which means that the official knows that the inmate faces a "substantial risk of serious harm" but "disregards that risk by failing to take reasonable measures to abate it." *Id.* at 561 (internal citation and quotation marks omitted).

The official must be subjectively aware of the facts from which the inference could be drawn and must actually draw the inference. *Id.* "'Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Torres*, 972 F.3d at 663 (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)); *see also Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

    A.  <u>Supervisory liability</u>

Plaintiff sues each prison official because of the position each holds, *e.g.*, Executive Director Collier, TDCJ-CID Director Lumpkin, SCC Chair Fitzpatrick, Medical Director John Doe, former Powledge Unit Senior Warden Bowman, and Powledge Unit Warden FNU LNU. (*See* Dkt. #36-2 at 84) (Q.: Are you suing Defendant Collier because of his role as the Executive Director of TDCJ? A.: Yes.). In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d at 793. Defendants were sued because of their

supervisory roles, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

The Supreme Court held that the term supervisory liability in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Plaintiff argues that Defendants Collier and Lumpkin are liable because of the knowledge they acquired during the *Cole v. Livingston* heat litigation, Cause No. 4:14-cv-1698 (S.D. Tex. June 14, 2016); *aff'd by Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017) (affirming district court's findings regarding the granting of a putative class action to seek relief for excessive indoor temperatures). The Supreme Court rejected an argument that government officials may be held liable merely because they had knowledge of or acquiesced in their subordinate's misconduct. *Id*.

A supervisor may be held liable if either of the following exists: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d at 303-304. Here, Plaintiff does not assert any facts that any of the Defendants were personally aware of him, his medical conditions, the medications that he took, or of any heat related issues that he may have suffered while at the Powledge Unit. At best, he offers that Defendants may have had some generalized knowledge regarding heat issues and the mitigation efforts that were in place to counter the effects of summertime heat. Generalizations do not suffice, and Plaintiff has not set out facts showing that any Defendant was personally involved in denying him his constitutional rights. At most, he has alleged nothing more than that they should have been aware of the potential risks—which does not demonstrate deliberate indifference. *Farmer*, 511 U.S. at 837–38. His claim

is purely speculative and warrants dismissal. *Silva v. Moses*, 542 F. App'x 308, 310-11 (5th Cir. 2013).

Supervisory liability, however, may exist without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id*. at 304 (quotations omitted). To establish a claim for governmental liability under § 1983, a plaintiff must allege and identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 694-95. Plaintiff has not alleged facts that satisfy this standard. Instead, he essentially alleges that because Defendants held supervisory roles, then *ipso facto* they must be liable. His attempt to establish Defendants' liability through vicarious liability is unavailing. *See Birdwell v. Livingston*, 327 F. App'x 457, 459-60 (5th Cir. 2009) (holding that there is no liability in the absence of personal knowledge on the part of officials).

After asserting that TDCJ's mitigation measures are ineffective, Plaintiff states in a conclusory fashion that the extremely dangerous temperatures during the summer months pose a serious threat to his health. He asserts that inmates are exposed to extremely high, dangerous, harmful, and deadly indoor environmental temperatures. He claims that the extreme heat has resulted in the wrongful death of at least twelve inmates since 2011. (Dkt. #36 at 4).

The Constitution "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To plead an Eighth Amendment violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that "pos[e] a substantial risk of serious harm." *Id.* at 834. He must also allege

facts showing that prison officials were deliberately indifferent to his health or safety. *Id.* The Fifth Circuit has held that the mere fact that an inmate is confined in an uncomfortably hot cell does not, standing alone, provide a basis for a potentially meritorious lawsuit. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). "Without the requisite proof of both subjective and objective components of an Eighth Amendment violation, however, merely 'uncomfortable' heat in a prisoner's cell does not reflect 'a basic human need that the prison has failed to meet' and is not constitutionally suspect." *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (citing *Woods*, 51 F.3d at 581).

In the instant case, Plaintiff admits that the Powledge Unit employs the use of mitigation measures in order to reduce the effects of summertime temperatures. Plaintiff's allegations make it clear that he is not subjected to the alleged conditions without periodic intervals out of his housing area. Rather, Plaintiff alleges that he is excessively sensitive to heat and humidity that before he can reach a respite area, he is overcome by the heat. He asserts that his mobility issues prevent him from reaching respite care quickly enough and that no one is available to push his wheelchair for him when he is feeling the effects of the heat and humidity. (Dkt. #36 at 18).

While Plaintiff complains that it is hot in the prison, he has not alleged facts satisfying both the subjective and objective elements of an Eighth Amendment violation. Moreover, he has not alleged facts showing that any defendant was deliberately indifferent to his health or safety. Plaintiff does not allege any facts regarding the actions or omissions of SCC Chair Fitzpatrick, Medical Director John Doe, former Senior Warden Bowman, or Powledge Unit Warden FNU LNU in the body of his Amended Complaint. He was given the opportunity to file an amended complaint to satisfy this shortcoming, but his amended complaint contains the same vague and generalized

claims as his original complaint. The facts, as alleged, fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Plaintiff's claims against Executive Director Collier, TDCJ-CID Director Lumpkin, SCC Chair Fitzpatrick, Medical Director John Doe, former Warden Bowman, and Powledge Unit Warden FNU LNU, in their individual capacities, fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Such claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

### B. Eighth Amendment declaratory and injunctive relief claims

Under the Eighth Amendment, Plaintiff raises claims for declaratory and injunctive relief against Defendants in their official capacities. He seeks declaratory and injunctive relief to lower the temperatures and humidity in the Powledge Unit housing areas.

Plaintiff's transfer, however, to the Jester III Unit on or about April 26, 2022 (*See* Dkt. #11) mooted his claims for declaratory and injunctive relief under the Eighth Amendment. The Fifth Circuit has repeatedly held that transfer to another prison renders moot claims for declaratory and injunctive relief relating to conditions of confinement at the prison unit. *See*, e.g., *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a claim by the prisoner-plaintiff for declaratory and injunctive relief against continued exposure to asbestos was moot because the plaintiff had been transferred out of the unit); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir.1991) (claims for injunctive relief based on denial of food at prior jail were moot); *see also Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (dismissing as moot plaintiff's RLUIPA claims due to a prison transfer). Plaintiff's

request for declaratory and injunctive relief under the Eighth Amendment should therefore be denied as moot.

Recommendation

It is recommended that Plaintiff's ADA, ADAAA, Rehab Act, and Eighth Amendment claims for declaratory and injunctive relief be denied as moot. It is recommended that Plaintiff's constitutional claims against Defendants TDCJ and TBCJ be dismissed, without prejudice, for lack of subject matter jurisdiction. It is further recommended that Plaintiff's claims against the individual Defendants for monetary damages in their official capacities be dismissed, without prejudice, for lack of subject matter jurisdiction. It is further recommended that the remainder of Plaintiff's constitutional claims against Defendants Collier, Lumpkin, Fitzpatrick, John Doe, Bowman, and Powledge Unit Warden FNU LNU, in their individual capacities, be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of November, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE